UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 4:07-cr-12 |
| | ) | Judge Edgar |
| JUSTIN EAVES | ) | |

**MEMORANDUM AND ORDER**

Defendant Justin Eaves made a motion [Doc. No. 12] to suppress the following items of evidence: (1) a firearm, namely a Glock .40 caliber semi-automatic pistol, found by an employee of A-Action Bonding Company, Debbie Farris, on September 26, 2006, inside a camper on real property located at 298 Camargo Road, Fayetteville, Tennessee, in Lincoln County; (2) cocaine base (crack) and cocaine hydrochloride found inside the same camper and seized by law enforcement officers during a warrantless search on September 26, 2006; and (3) oral statements made by defendant Eaves to ATF Special Agent Stephen Gordy during an interview on or about November 3, 2006.

The motion to suppress was referred to Magistrate Judge William B. Mitchell Carter for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Magistrate Judge Carter held an evidentiary hearing, and has submitted his report and recommendation. [Doc. No. 21]. It is recommended that the motion to suppress be granted in part only as to the cocaine base (crack) and cocaine hydrochloride found inside the camper and seized on September 26, 2006. The Magistrate Judge reports that the remainder of the motion to suppress is moot. With regard to the Glock .40

caliber semi-automatic pistol, defendant Eaves withdraws his motion to suppress the firearm as evidence. With regard to the oral statements made by defendant Eaves to ATF Special Agent Gordy during an interview on or about November 3, 2006, the motion to suppress is moot because the government advises that it does not intend to use the defendant's oral statements as evidence at trial.

The government objects to the report and recommendation. [Doc. No. 22]. In response, defendant Eaves opposes the government's objections. [Doc. No. 23].

After reviewing the record *de novo*, the Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1). The Court agrees with and adopts the Magistrate Judge's findings of fact and conclusions of law. The government's objections to the report and recommendation are **DENIED**.

There is one aspect of the government's objections that requires further discussion and analysis. In its objections [Doc. No. 22], the government argues that the motion to suppress the cocaine base (crack) and cocaine hydrochloride should be denied on the ground that defendant Eaves lacks standing under the Fourth Amendment to contest the warrantless search of the camper by police officers. The government contends that the proof at the evidentiary hearing is insufficient to show that defendant Eaves ever stayed or slept in the camper on September 25 - 26, 2006.

This argument fails. The Court finds there is sufficient proof to show that defendant Eaves and his girlfriend did stay and sleep together in the camper on the night of September 25 and the early morning hours of September 26, 2006. Defendant Eaves used the camper as an overnight guest with the permission of Jonathan Poole who had immediate possession and physical control over the camper. The camper was owned by the defendant's mother, Dorothy Mushenski, and she gave Jonathan Poole possession and physical control over the camper.

Defendant Eaves bears the burden of showing he has standing to assert a claim that the warrantless search of the camper by the police on September 26, 2006, violated his right to be free from unreasonable search and seizure protected under the Fourth Amendment to the United States Constitution. *United States v. Smith*, 263 F.3d 571, 582 (6th Cir. 2001). To have standing under the Fourth Amendment, the defendant is required to show that he had a legitimate expectation of privacy in the place searched, i.e. the camper. *Minnesota v. Olson*, 495 U.S. 91, 95-100 (1990); *Rakas v. Illinois*, 439 U.S. 128, 143 (1978); *United States v. Ponder*, 240 Fed. Appx. 17, 19 (6th Cir. 2007); *United States v. Whitehead*, 415 F.3d 583, 587 (6th Cir. 2005); *United States v. Hunyady*, 409 F.3d 297, 300-01 (6th Cir. 2005); *Smith*, 263 F.3d at 582.

In determining whether there is a legitimate expectation of privacy in the place searched, the courts utilize a two-pronged test. Defendant has the burden of showing: (1) he had an actual, subjective expectation of privacy; and (2) the expectation of privacy is one that society is prepared to recognize as legitimate. *Minnesota v. Olson*, 495 U.S. at 95-100; *Whitehead*, 415 F.3d at 587; *Hunyady*, 409 F.3d at 301; *United States v. Pollard*, 215 F.3d 643, 647 (6th Cir. 2000). Based on his status as an overnight guest staying and sleeping in the camper, the Court concludes that defendant Eaves has met his burden of showing that he had a legitimate expectation of privacy for purposes of the Fourth Amendment. As an overnight guest, defendant has standing to assert a claim that a warrantless search of the camper by the police violates his rights protected under the Fourth Amendment. *Minnesota v. Olson*, 495 U.S. at 95-100.

Accordingly, the defendant's motion to suppress evidence [Doc. No. 12] is **GRANTED IN PART** but only to the limited extent that the defendant moves to suppress the cocaine base (crack) and cocaine hydrochloride found inside the camper and seized by law enforcement officers during

the warrantless search on September 26, 2006.  The remainder of the motion to suppress is **DENIED** as moot.

SO ORDERED.

ENTER this the 8th day of January, 2008.

                                */s/ R. Allan Edgar*
                                R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE