UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| JUSTIN HEATH EAVES | ) | |
| | ) | |
| v. | ) | 4:07-CR-12/4:10-CV-36 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Justin Heath Eaves ("Eaves"), has filed a motion for post-conviction relief under 28 U.S.C. § 2255, and alternatively, under 18 U.S.C. § 3582 and Rule 35 of the Federal Rules of Criminal Procedure (Criminal Court File No. 56).[1] Eaves requests that the Court take into consideration some post-incarceration factors and reduce his sentence. Specifically, Eaves contends the death of the mother of his eight-year old daughter, as well as his post-incarceration rehabilitation are unusual and extraordinary circumstances which warrant a reduction in sentence.

It plainly appears from the motion and the records of this case that the movant is not entitled to any relief. Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. The Court determines the government shall not file an answer, an evidentiary hearing is not necessary, and Eaves § 2255 motion is without merit and will be **DENIED** (Court File No. 56)**.**

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

**I.      Standard of Review**

A sentence in a criminal case must be vacated if the Court makes a finding "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255.  Under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, the Court is to determine, after a review of the motion, any attached exhibits, and the record of prior proceedings, whether the moving party is entitled to relief.  If no relief is warranted, the district judge must dismiss the motion and notify the movant.  The Court finds the motion must be dismissed.

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Clemmons v. Sowders*, 34 F.3d 352 (6th Cir. 1994).  To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure.  *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

**II.     Procedural Background**

Eaves pled guilty on March 18, 2008, to Count 1 of a three-count indictment.  Count 1 charged him with, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessing, in and affecting commerce, a firearm, namely a

Glock .40 caliber semi-automatic pistol in violation of 18 U.S.C. § 922(g)(1) (Court File No. 35). The probation officer calculated Eaves's offense level at 27, his criminal history category as III, and a sentencing guidelines range of 87 to 108 months. On July 18, 2008, prior to sentencing Eaves to 65 months imprisonment on Count One, three years supervised release, and assessing a $100.00 special assessment, the Court made the following extensive observations and findings:

> It seems to me that from a strictly legal standpoint that the other firearms are a different matter than the drugs. The drugs have been suppressed pursuant to a suppression hearing carried out by the U.S. Magistrate and approved by this Court. We do have other firearms, however. And those other firearms are clearly relevant conduct under Section 1B1.3 of the guidelines. As we've discussed this morning the facts about the firearms are not in dispute now, so it's just strictly a constitutional/statutory interpretation dispute.
>
> In setting the sentence here, I've considered the guidelines with and without the cocaine. I've also -- and by the way without the cocaine, but with the guns, I figure the guidelines at Level 23, criminal history category three, range in 57 to 71. I've considered other factors, as well. Those are factors which are mentioned and specified by 18 United States Code, Section 3553(a) in reaching what I think is a sentence that is sufficient but not greater than necessary to meet the statutory purposes of that statute.
>
> On the negative side for the defendant, he has an extensive record. I think that I counted two other firearms offenses and a burglary. His work history couldn't be verified. There was some indication he may have worked on a ad hoc spotty basis. It's not really clear that he's had a legitimate job for about 10 years. The question I have to ask is what has he been doing during that period of time. And, of course, he had jumped bond on state charges when he was arrested on these charges. These firearms, this firearm that he was convicted of and these other firearms in possession of a person with a long record like the defendant's spells trouble. And so, I would have to conclude that protection of the public is a strong consideration here.
>
> The defendant does need appropriate substance abuse treatment. And he needs to get some education. He did not graduate from high school and never got his GED. On the other hand, on the positive side, it doesn't look as though any of the defendant's past criminal conduct was overtly violent. I do think, and I would have to say, too, that with respect to the cocaine, I do think that the cocaine driven guidelines here overstate to some degree the seriousness of the defendant's criminal conduct in this particular case. For example, there is no direct evidence that he was selling. I don't recall any controlled buys or any of that in this case. And so, what we're left with

is just the fact that he possessed some drugs. Might have been a distribution amount, but that's probably, that's pretty much what we're left with here.

So, considering all of those factors and including the guidelines, and pursuant to the Sentencing Reform Act of 1984, it's the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 65 months. And the way that I have come up with that is [ ] that's kind of a mid-guideline range of the guidelines as they would be without the drugs but with the firearms.

The Court will recommend the defendant received the 500 hour substance abuse treatment at the Bureau of Prisons.

The Court will also recommend that the defendant be given educational opportunities. That is another purpose of my sentence, by the way, to give him a chance to get his GED while he's in prison, and, also, get some help with the drug abuse.

(Court File No. 50, pp. 17-21).

On July 28, 2008, Eaves filed a timely appeal. Eaves subsequently filed a motion to voluntarily dismiss his appeal which the Court of Appeals for the Sixth Circuit granted on December 1, 2009 (Court File No. 54).

### III. Factual Background

The following are the facts to which Eaves agreed were true, during his rearraignment:

On September 26 of 2006, a bail bondsman from Giles County went to Lincoln County to search for the defendant. The defendant was living in Lincoln County at the time. Of course, the Court is well aware that Lincoln County is in the Eastern District of Tennessee. The bail bondsman, Debbie Farris, went to a camper trailer where the defendant and his then girlfriend were residing. She went inside. She did not find the defendant, but she found a loaded Glock .40 caliber semi-automatic pistol between couch cushions in the camper trailer where the defendant was residing.

There is some other testimony which was developed, Your Honor, but the defendant ultimately told a deputy sheriff at the Lincoln County Jail that any items found in the camper trailer belonged to him and not to his girlfriend. And we've also intercepted some telephone calls from the jail wherein the defendant is discussing not necessarily

4

> ownership, but discussing some other things with regard to the gun.
>
> And the defendant, I believe, agrees here today, Your Honor, that he possessed the firearm on September 26, 2006. Prior to September 26 of 2006, the defendant had suffered a felony conviction, in other words, a crime punishable by imprisonment for a term exceeding one year.
>
> And the Glock .40 caliber was not manufactured in the state of Tennessee and had at some point traveled in interstate commerce and, therefore, affected interstate commerce.

(Court File No. 46, p. 13).

## IV. Analysis

The Court may modify a sentence only at resentencing; upon a successful challenge attacking a sentence and/or conviction pursuant to 28 U.S.C. § 2255; or under 18 U.S.C. § 3582. Title 18 U.S.C. § 3582 provides for modification only in three circumstances: (1) upon motion of the Bureau of Prisons ("BOP"), (2) to the extent expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3742, and (3) upon a post-sentence alteration of the sentencing guidelines if the guideline was lowered pursuant to 28 U.S.C. § 994(o). As explained below, the Bureau of Prisons has not so moved, Eaves does not contend that there has been a post-sentence alteration of the sentencing guidelines, and under the circumstances of the case, reconsideration of Eaves' sentence is not proper under Rule 35 or 28 U.S.C. § 2255.

Eaves is not challenging the lawfulness of his sentence in this § 2255 motion; he is requesting a reduction or modification of his sentence based on his post-sentencing rehabilitation and the demise of his eight-year old daughter's mother.[2] Such a request is not cognizable under 28 U.S.C. § 2255. To obtain relief pursuant to 28 U.S.C. § 2255, Eaves must claim

---

[2] The Court observes, Eaves' daughter is presently in the temporary custody of his mother until Eaves' expected release from federal prison in 2011 (Court File No. 56-3).

> the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.] . . .

28 U.S.C. § 2255(a). Accordingly, the Court is not authorized to award him the relief he requests under § 2255 as he is not attacking the court imposed sentence, but rather, is requesting a reduction in the imposed sentence based on post-sentencing rehabilitation and a family hardship.

Although Eaves filed a motion pursuant to 28 U.S.C. § 2255, he also referenced Rule 35 of the Federal Rules of Criminal Procedure and included an affidavit wherein he averred the following: "I stress that this is not a direct challenge to the court imposed sentence. Instead due to the most unusual set of extraordinary circumstances surrounding the noted facts, I'm petitioning this court for some form of reduction in the imposed sentence." (Court File No. 56-4, p. 4). As explained below, the Court is not authorized to grant, nor is Eaves entitled to, any type of reduced sentence under the circumstances of his case pursuant to 28 U.S.C. § 2255, 18 U.S.C. § 3582, or Rule 35 of the Federal Rules of Criminal Procedure.

    *A.*    <u>*Post-Sentence Rehabilitation*</u>

Eaves contends that his successful completion and achievement of his GED; of other educational courses; of the required 40 hour drug program; his registration for the 500 hour drug program; and his continuous employment while in prison without any misconduct reports constitutes unusual and extraordinary circumstances warranting a reduction of his sentence.

While it benefits criminal defendants and society for criminal defendants to pursue educational opportunities and self-improvement classes while incarcerated, it normally does not justify a reduction in sentence. Although the Court's research revealed case law discussing the

6

consideration of post-sentence rehabilitation, those cases involved situations where a defendant was before the court for re-sentencing, a situation that does not present itself here, as Eaves is not before the Court for re-sentencing.

In addition, Eaves is not entitled to relief on his claim of post-sentencing rehabilitation even if the Court construes this as a motion filed under 18 U.S.C. § 3582 or Rule 35 of the Federal Rules of Criminal Procedure because those provisions explicitly dictate that a federal court may only modify a term of imprisonment once it has been imposed under very narrow and specific circumstances set forth in the statute and rule, none of which are present in Eaves' case. Specifically, construing this as a motion filed under 18 U.S.C. § 3582(c), another statutory means, separate from 28 U.S.C. § 2255, for a district court to modify a previously imposed sentence, Eaves is not entitled to relief, as that section requires the Director of the Bureau of Prisons ("BOP"), rather than the prisoner, to bring the motion to modify or reduce a term of imprisonment. Here, Eaves initiated the request.

Likewise, Eaves does not qualify for a reduction in sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure as he is not claiming an error in his sentence, and the seven-day statute of limitations to file a motion under Rule 35(a) has passed. The Court may only consider a sentence reduction under Rule 35(b) upon motion by the government, and no such motion has been filed.

In summary, Eaves does not point to any authority, nor is this Court aware of any authority which authorizes post-sentence rehabilitation efforts as a basis for resentencing. Even if such authority existed, Eaves efforts are not sufficient enough to demonstrate he should be rewarded for these efforts with a modification of his sentence as the Court cannot say Eaves' efforts have taken

this case out of the ordinary case where a prisoner has participated in rehabilitation while incarcerated.

The Court commends Eaves' for completion of the 40 hour drug program, registering for the 500 hour drug program, successfully completing and earning his GED certificate, taking and completing numerous other educational courses, maintaining continuous prison employment, and having a perfect conduct record. Although Eaves rehabilitative efforts are commendable, the Court lacks authority to re-sentence him based on post-sentencing rehabilitation. Accordingly, under the circumstances, there is no basis upon which the Court can reduce Eaves' sentence, thus, he is not entitled to any relief on this claim and his request for a reduction of sentence based on his post-conviction rehabilitation will be **DENIED**.

  *B.*  *Family Hardship*

To the extent Eaves' claims the death of his child's mother constitutes a family hardship and necessitates his release so that he may care for his eight-year-old daughter, he fails to state a claim for § 2255 relief or relief under any other statute or rule authorizing the Court to modify a term of imprisonment once it has been imposed. As previously stated, § 2255 motions are the exclusive remedy for testing the validity of federal judgments and sentences. Eaves, however, does not challenge the validity of his conviction or sentence. Rather, Eaves' is requesting an early release so that he may take custody of, and raise his eight-year-old daughter since her mother recently died. The Court does not have the authority to grant Eaves relief based on that circumstance.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). "[G]iven a valid conviction, the criminal defendant has been

constitutionally deprived of his liberty[.]" *Meachum v. Fano*, 427 U.S. 215, 225 (1976). As previously discussed, however, there are provisions in the law which permit a court to modify a term of imprisonment once it has been imposed but only under very narrow and specific circumstances.

Title 18 U.S.C. § 3582(c) permits a court to reduce an inmate's term of imprisonment, upon motion of the Director of the Bureau of Prisons ("BOP"), under extraordinary and compelling reasons, or if the inmate is at least 70 years of age, has served at least 30 years in prison and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of others or the community. Although Eaves contends his release is necessary due to family hardship (his daughter's loss of her mother), he has not presented any evidence that the BOP has submitted a motion to the Court requesting his early release. Absent a motion from the BOP, the court lacks authority to grant release under §3582(c). Not only has the Director of the BOP not filed a motion on Eaves' behalf, the circumstances presented in his case fail to meet the requirements for release under Section 3582.

In addition, Eaves does not qualify for a reduction in sentence under either subpart of Rule 35 of the Federal Rules of Criminal Procedure because Eaves is not claiming an error in his sentence, and the government has not moved for a reduction in his sentence. Thus, the Court does not have the authority to modify Eaves sentence. Accordingly, Eaves is not entitled to a reduction in sentence or to early release under 28 U.S. C. § 2255, 18 U.S.C. § 3582(c), or Rule 35, on the basis of family hardship.

## V.      Conclusion

A § 2255 motion is the proper vehicle for collaterally attacking a federal conviction and sentence for errors that occurred "at or prior to sentencing." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Eaves' request to reduce his sentence based on his post-sentence rehabilitative efforts and/or family hardship is outside the scope of a § 2255 motion since he is not attacking his conviction or sentence. Likewise, Eaves is not entitled to any relief under 18 U.S.C. § 3582 or Rule 35 of the Federal Rules of Criminal Procedure on the basis of post-sentence rehabilitation and/or family hardship, as he does not meet the narrow and specific circumstances set forth in either the statutes or the rule.

An judgment order will enter **DISMISSING** the § 2255 motion.


             /s/ R. Allan Edgar
            R. ALLAN EDGAR
        UNITED STATES DISTRICT JUDGE